Mr. Raymond E. Carper Property Tax Administrator 623 State Centennial Building 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Carper:
QUESTION PRESENTED AND CONCLUSION
This is to respond to your request for an opinion regarding the following inquiry:
Under Senate bill 214 enacted in 1977, shall the assessor value mobile homes each year, or do mobile homes come within the base-year concept as stated in House bill 1452, enacted in 1977?
 H.B. 1452 became law on June 20, 1977. Section 4 of H.B. 1452 repeals and reenacts as amended C.R.S. 1973, 39-9-104(9) and (10), and reestablishes a base-year concept. Under these provisions, property is valued for assessment once every four years, with certain exceptions.
ANALYSIS
The exceptions to the base-year concept are detailed in Section 5 of H.B. 1452, adding amendments to C.R.S. 1973, 39-1-104. None of the specific exemptions from the base-year concept refer, or relate in any way, to mobile homes.
S.B. 214 became law on June 29, 1977, after H.B. 1452 became law. S.B. 214 establishes the procedures by which mobile homes will be taxed by an ad valorem method, "similar to the method of taxation of conventional housing."
C.R.S. 1973, 39-5-203(1), as added by S.B. 214, states:
 Except as provided in subsection (2) of this section, the actual value of a mobile home shall be determined by the assessor in accordance with the provision of section 39-1-103(5).
C.R.S. 1973, 39-5-203(3), as added by S.B. 214, states:
 The valuation for assessment of each mobile home shall be computed as the valuation for assessment of all taxable property.
S.B. 214 does not include an amendment to C.R.S. 1973, 39-1-104(12), as amended by H.B. 1452, adding mobile homes as a class of property exempt from the base-year concept. The lack of such an exemption, when combined with the above-quoted language from S.B. 214, would indicate that mobile homes would come within the base-year concept.
However, there is additional language in S.B. 214 which mandates a different conclusion. C.R.S. 1973, 39-5-203(2)(c), added by S.B. 214 reads:
 The administrator shall promulgate by rule schedules of depreciation for mobile homes. Such schedules shall accurately reflect the reduction in actual value of mobile homes due to age. The applicable depreciation factor for each mobile home shall be applied each year by the assessor.
(Emphasis Added.)
The class of property which constitutes mobile homes is the only class of property not specifically exempted from the base-year concept to which a depreciation factor is to be applied annually. This provision is specific, as compared to the general provisions of C.R.S. 1973, 39-5-203(1) and (3), added by S.B. 214.
SUMMARY
It is my opinion that under C.R.S. 1973, 39-5-203(2)(c), and under C.R.S. 1973, 2-4-205 and 206 relating to statutory construction, mobile homes do not come under the base-year concept. Rather, mobile homes are to be valued annually by the assessor, and the proper depreciation factor applied. This construction resolves the apparent irreconcilability of the specific and general provisions, and allows the statutes to be construed in pari materia to avoid inconsistencies.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 39-1-104
C.R.S. 1973, 39-5-203(1) and (3) C.R.S. 1973, 39-1-103(5) C.R.S. 1973, 39-1-104(12)
S.B. 214 (1977 Sess.)
H.B. 1452 (1977 Sess.)
LOCAL AFFAIRS, DEPT. OF Property Taxation, Div. of
Mobile homes are to be valued annually by the assessor and the proper depreciation factor applied.